STATE OF TENNESSEE *v.* JOHN JONES.

1. CRIMINAL LAW. *Indictment. County Court Clerk.* An indictment, under sec. — of the act of 1875, ch. —, for failure to make report of revenue, need not aver that the failure or omission to report was corruptly done.

2. CLERK. *County Court. His duty to report.* It is the duty of the county court clerk to make his report, whether he has received any revenue or not, and he is liable to indictment if he so fails.

FROM CAMPBELL.

Appeal in error from the Circuit Court of Campbell county. D. K. YOUNG, J.

State *v.* Jones.

ATTORNEY-GENERAL LEA for the State.

HOUK & GIBSON for Jones.

FREEEAN, J., delivered the opinion of the court.

There are two indictments in this case, charging substantially that defendant, as Clerk of the County Court of Campbell county, "willfully, knowingly, and unlawfully failed to make to the chairman of the county court in the time required by the act of 1875, his monthly report of revenue by him received," and said report for the months alleged, in 1876, was not made till the 8th of February, 1877. This is the substance of the charge in both indictments, varied only in the form of its statement.

The indictment was quashed by the court below, and the State appealed.

Several minor objections are made, such as that it is not distinctly averred that the defendant was county clerk at the time when the default is charged, and that he was not necessarily bound to make the report on the first of each month. There is nothing, however, in these objections.

The real objections are, first, that the indictment does not charge that the failure or omission was corruptly done; and, second, that it is not averred that any revenue was received within the months in which he failed to make said reports, and that he is not required to report if nothing is received.

The first objection is based on the assumption that the indictment is necessarily under the 4th section of the act of 1875, which requires the grand jury to

present, "if, in their opinion, an omission, mistake, or error, found in said report, was corruptly or fraudulently made." It further provides that on conviction in such case, the officer and his sureties shall be liable for the fine and costs adjudged against him; and if the traverse jury find said omission or other error to have been willfully made, then the court, in addition to said fine and costs, shall remove said officer from his office. It might well be in case of an error or omission in the items of the report, or its matter under this section, the error should be charged to have been corruptly made.

But these indictments are for simply failing to report, where the penalty is, rather strangely, found in the proviso, which is substantially as follows:

"*Provided*, however, that no justice shall be obliged to make said report who has not received any revenue; but if the justice who has received any revenue, or any clerk fails to make the reports required by this act in the time prescribed by this act, such justice or clerk shall be presented, and on conviction be fined by the court not less than ten dollars for a justice, and not less than five hundred dollars for a clerk; and if the jury convicting the defendant should find such failure willful, then such clerk or justice shall be removed from office as part of the judgment of the court trying the cause." It is clear that for this failure to report, it being willful only, the penalty prescribed is to be inflicted.

We think the language of the statute requires us to hold that while a justice of the peace need not

State *v.* Jones.

report if he has received no revenue, the clerk is not so excused. We do not see that words need be supplied in order to a fair understanding of the language used. There is nothing ambiguous in its terms. It is distinct that the justice is excused for failure to report in case of receipt of no revenue, but if any clerk fails to report, with no exception in his favor, then he shall be subject to the penalty, and if such failure is found to be willful, then the additional penalty is added of being deprived of his office.

It may have been that the Legislature acted on the well known fact that justices receive comparatively but little revenue, and many of them live remote from the county seat, making it inconvenient to make their reports, while the clerks receive a considerable amount, and are at their offices where the report is to be made, hence the more stringent provisions as to the latter officers. Be the reasons what they may, the law is so written, and may be easily complied with, and we see no reason to relax it in favor of delinquent officials, whose duty it is to know the law, and comply promptly with its requirements.

Let the judgment be reversed, and the case remanded for further proceedings.